UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>             Plaintiff,<br><br>       v.<br><br>TUOLUMNE CO. SHERIFF, et al.,<br><br>             Defendants. | No.  1:23-cv-01430-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>ORDER VACATING OCTOBER 4, 2023 ORDER<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF Nos. 2, 4) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on October 3, 2023, along with an application to proceed in forma pauperis.  (ECF Nos. 1, 2.)

On October 4, 2023, the Court granted Plaintiff's application to proceed in forma pauperis.  (ECF No. 4.)  After further review of the record, as explained below, the Court finds that Plaintiff has suffered three or more strikes under 1915(g) and is barred from proceeding in forma pauperis unless he demonstrates he was under imminent danger of serious physical injury at the time the complaint was filed.

1

# I.

# DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice[1] of the following United States District Court cases: (1) Watkins v. Tuolumne County Jail, et al., Case No. 1:18-cv-01008-LJO-BAM (E.D. Cal.) (dismissed on January 30, 2019, for failure to state a cognizable claim); (2) Watkins v. Tuolumne County Jail, Case No. 1:18-cv-01426 LJO SAB (E.D. Cal.) (dismissed on March 25, 2019, for failure to amend after failure to state a cognizable claim determination); (3) Watkins v. Higher Roller Incorporated, Case No. 1:18-cv-01411 DAD BAM (E.D. Cal.) (dismissed on May 21, 2019, for failure to state a cognizable claim for relief); (4) Watkins v. Tuolumne County Jail, et al., Case No. 1:18-cv-01148-AWI-JLT (E.D. Cal.) (dismissed on June 11, 2019, for failure to amend after failure to state a cognizable claim determination);[2] and (5) Watkins v. Tuolumne County et al., Case No. 1:18-cv-00787 DAD JDP

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[2] Dismissal counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint"

1  (E.D. Cal.) (dismissed on March 30, 2020, for failure to amend after failure to state a cognizable
2  claim determination).

3        The issue now becomes whether Plaintiff has met the imminent danger exception, which
4  requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and
5  which turns on the conditions he faced at the time he filed his complaint on August 20, 2023
6  (with application of the mailbox rule).  Andrews, 493 F.3d at 1053-1056.  Conditions which
7  posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent
8  conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review
9  of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

10        Here, Plaintiff alleges that starting in 2016, he was beat and arrested for seeking
11  emergency medical care.  Plaintiff was refused mental health care or medical care the entire time
12  he was in jail as he was railroaded on false charges.  Plaintiff was released almost 3 years late on
13  a conservatorship.  The conservator refused to help Plaintiff get treatment and placed him in a
14  storage shed with no job, no clothes, no transportation, no money, and no prospects.  The
15  conservatorship was dropped after 5 months with no improvement of Plaintiff's condition.  (ECF
16  No. 1 at 3.)  On October 24, 2021, Plaintiff called for help nine hours prior to attempting suicide,
17  and then decided to try to walk to the emergency room at 2:00 a.m. when three officers beat and
18  arrested him.  (Id.)

19        Based on the allegations in Plaintiff's complaint, the Court finds Plaintiff has failed to
20  demonstrate he is entitled to § 1915(g)'s "imminent danger" exception. See Cervantes, 493 F.3d
21  at 1055 (quoting 28 U.S.C. § 1915(g)). While the Court is sympathetic to Plaintiff's medical and
22  mental health conditions, to "meet the imminence prong of the three-strikes exception," Plaintiff
23  must allege the danger he faced was "ongoing" when he filed suit, "fairly traceable to the
24  unlawful conduct alleged in his complaint," and "addressable by the court." See Cervantes, 493
25  F.3d at 1057; Ray v. Lara, 31 F.4th 692, 701 (9th Cir. 2022). He does not do so here. See, e.g.,
26  Brown v. Newsom, 2019 WL 3060063, at *2 (E.D. Cal. 2019) (noting that, "with rare exception,

---

28  regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

a plaintiff cannot 'create the imminent danger so as to escape the three strikes provision of the PLRA, and finding no imminent danger based on a prisoner's hunger strike in response to defendants' medically prescribed renal diet"); Sander v. Melvin, 873 F.3d 957, 961 (7th Cir. 2017) (noting that not "all threats of self-harm by mentally ill prisoners permit them to proceed in forma pauperis").

Plaintiff's allegations all relate to incidents in the past and circumstances involving "imminent danger" do not include past injury or generalized fears of possible future harm. See Cervantes, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' ... does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.' " Id. at 1056. Thus, the imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002); see also Bender v. Segovia, No. 21CV575-MMA-NLS, 2021 WL 2645910, at *2 (S.D. Cal. June 28, 2021) (finding allegations of past harm, including several incidents of alleged suicidal ideation and self-inflicted injury, failed to show prisoner "faced 'imminent danger of serious physical injury' " at the time of filing). Because Plaintiff has not shown "imminent danger," he is precluded from proceeding in forma pauperis in this action and must pay the $402.00 filing fee to proceed with this action.

## II.

## ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY ORDERED that:

1. The Court's October 4, 2023 order (ECF No. 4) is VACATED; and
2. The Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 16, 2023**

UNITED STATES MAGISTRATE JUDGE